ROY GREEN V. THE STATE.

No. 22347. Delivered January 20, 1943.

The opinion states the case.

*Nat Gentry, Jr.,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option liquor law, and fined the sum of $1,000.00, hence this appeal.

There are no bills of exceptions in the record.

The facts show that a deputy sheriff of Smith County had received information that a pickup truck loaded with beer was coming in towards Tyler on a certain road, and he had driven

out on such road. While assisting some persons to change a tire such a described truck passed him, evidently loaded, and going at a high rate of speed. He started in pursuit, and coming up to such truck he saw five cases of beer on the seat by the driver, and altogether there were seventy-nine cases of beer in such truck. The driver offered no written statement, and the officer demanded none, showing the origin or destination of such shipment, evidencing that such liquor was being transported from a wet area through a dry area to another wet area, as is contemplated by Art. 666-27, Vernon's Ann. Penal Code. The only defense offered by the facts is that appellant lived in Henderson County, no statement being made as to where he was taking such liquor, nor for what purpose same was possessed. We do not think that the mere fact that the appellant resides in another county would be of such a strong probative force as to overcome the prima facie presumption of the possession of such a quantity for the purpose of sale. It would be a peculiar doctrine if we should hold that in order for one to be subject to the liquor laws of a dry area in the State he should be a resident of such dry area.

Regardless of where appellant lived, we think the facts herein show that he had in his possession, in a dry area, seventy-nine cases of beer, 24 bottles of 12 ounces to the case, and the trial court was justified in using such prima facie evidence as a basis of conviction. See Art. 667-25 (b), Vernon's Ann. Penal Code.

The judgment is affirmed.

JUDGE BEAUCHAMP did not sit in this case.